**TOLEAFOA T.V. LEIATO, Appellant**

v.

**PERSONNEL ADVISORY BOARD of AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 15-90

April 29, 1992

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, MALAETASI,* Acting Associate Justice, LOGOAI, Associate Judge, and MAILO, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono
         For Appellee, Arthur Ripley, Jr., Assistant Attorney General

This is an appeal from a decision of the Personnel Advisory Board (hereinafter the "PAB"), an administrative agency of the American Samoa Government.

## FACTS

The facts giving rise to this dispute are as follows: Subsequent to a change in administration, the new Commissioner of Public Safety, Tuilefano Vaela'a, (hereinafter the "commissioner") issued on March 31, 1989, a memorandum styled "Personnel Order No. 13-89," which essentially reshuffled and reassigned 22 departmental employees ranging from the deputy commissioner to certain office secretaries. With respect to appellant, a career officer of some 34 years' standing, the memorandum stated that he was "relieved of his duties as DPS Advisor and . . . reassigned as Commander for the Community Services Unit." The memorandum further stated that appellant was placed under the "direct supervision of the Deputy Commissioner of Operations," one of two new management positions created and filled as the result of the subject memorandum. The new management posts were "Deputy Commissioner for Operations," and "Deputy Commissioner for Administration." The former was assigned to Commander Douglas Jessop, a career officer, while the latter position was assigned to Michael Fuiava, a training coordinator with the Territorial Emergency Management Coordinating Office.

The memorandum's operative effect on appellant was to place him one step down the department's organizational ladder. Whereas he previously reported directly to the commissioner, he was now to report to an intermediary deputy commissioner for operations. The reorganization, however, did not affect his police rank of commander nor his salary grade (GS-14, Step 10).

---

* Honorable Malaetasi M. Togafau, District Judge, High Court of American Samoa, serving by designation of the Secretary of the Interior.

After receiving a copy of the reorganizing memorandum, appellant filed his grievance letter with the commissioner on April 5, 1989. He protested, among other things, his being "demoted . . . to a lower assignment," his reporting to a supervisor over which he had senior status, and the creation and filling of two new managerial positions in violation of the merit-system law, which regulates job advancement in the government career service.

After a departmental grievance-review committee had decided that it could not objectively arrive at a resolution to the grievance, the Director of Human Resources (hereinafter the "director") took up the matter pursuant to A.S.A.C. § 4.0903(b)(2). In a letter dated June 26, 1989, to appellant's counsel, the director documented his decision. He rejected appellant's demotion contention since the Administrative Code, A.S.A.C. § 4.0233, defined "demotion" in terms of a cut in pay; he upheld the commissioner's reorganization of the department, resulting in appellant's reassignment, as being "in compliance with the [sic] ASAC 4.0804 which gives the Agency head the right to reassign or to move any employee involuntarily from one position to another"; he dismissed appellant's complaint about reporting to an officer over which he had seniority as being without any legal foundation; and he found that appellant's allegation of political victimization was unsupported by the evidence. On the third aspect of the grievance, the director also declined to "question the Commissioner's decision in the creation of the additional Deputy Commissioner position [sic] as a result of the new DPS reorganization" and upheld the filling of the position of deputy commissioner for operations by Commander Jessop as being consistent with the non-competitive promotions procedure set out in A.S.A.C. § 4.0303(b). However, with regard to the appointment of Michael Fuiava, the director stated that he was "rescinding" this appointment since it was not in accordance with requirements of A.S.C.A. § 7.0206 and A.S.A.C. § 4.0304. By separate letter dated July 6, 1989, the director notified the commissioner accordingly.

Appellant, pursuant to A.S.A.C. § 4.0903(b)(3), appealed to the PAB on the issues of his "practical demotion" and the advancement of Commander Jessop. The PAB hearing record before us appears to be that of a second proceeding reconvened on advice from the Attorney General's Office (hereinafter the "Attorney General"). It seems that the Attorney General developed doubts as to whether the initial proceedings had satisfied the requirements of A.S.C.A. § 4.1026, relating to

appellant's right to be heard, and he recommended that the matter be reopened. These procedural due process concerns of the Attorney General attracted an additional procedural due process challenge from the appellant. The second hearing opened with a motion by appellant objecting to the Attorney General's continuing representation of the director while it was, at the same time, acting as legal advisor to the PAB. The presiding chairman ruled against the motion, stating that the PAB, like every other executive board, had the attorney general as its legal advisor. On the issues, the PAB: 1) affirmed the director on the demotion issue but recommended a clarification to the department's organizational chart to more clearly depict appellant's position; 2) concluded that the commissioner's reorganization of the department, and hence appellant's reassignment, was lawfully done in accordance with the provisions of A.S.A.C. § 4.0804; 3) concluded that the filling of the new position of director for operations was consistent with the Administrative Code's provisions dealing with the non-competitive filling of vacancies; and 4) affirmed the director's ruling that the position of deputy commissioner for administration had to be filled through competitive procedures.

Appellant, pursuant to the Administrative Procedures Act, A.S.C.A. § 4.1040, filed for judicial review of certain aspects of the PAB's decision.

## DISCUSSION

Appellant's first argument is that the PAB's decision was erroneous in that it had failed to address whether his reassignment "was with the best interests of the government as the primary objective," a requirement of A.S.A.C. § 4.0804(b). Alternatively, appellant contends that notwithstanding A.S.A.C. § 4.0804(b), he was "demoted to a lesser position" or was "operationally reduced to a position of lower rank," in violation of policy objectives of the career-service laws.

We find appellant's demotion argument to be without foundation, and we agree with the PAB that appellant was "reassigned"[1] and not

---

[1] A.S.A.C. § 4.02114 defines "reassignment" as the "movement of an employee from one position to another position in the same class or grade or from one position to another position in a different class at the same grade.

"demoted."[2] However, we are also satisfied that the PAB's conclusion on reassignment was premised on a misreading of applicable regulation. This conclusion reads in pertinent part:

> [Appellant's] reassignment . . . was legally done in accordance with Section 4.0804 entitled "Involuntary Reassignment," ASAC. *This section empowers any agency head/Director to move any employee involuntarily, without the right of appeal, provided that no reduction in grade or rate of compensation is involved.*

*In the Matter of the Appeal of Toleafoa T.V. Leiato*, PAB (1989) "Findings of Facts, Conclusions and Order,", at 3 (entered Nov. 4, 1989) (emphasis added). Contrary to the PAB's view, A.S.A.C. § 4.0804 does not purport to grant the commissioner, nor any other agency[3] head for that matter, the singular authority to reassign employees involuntarily. Rather, involuntary reassignment requires the concurrence of the "director," A.S.A.C. § 4.0804(b), which term is defined in A.S.A.C. § 4.0237 as "the director of the office of manpower resources [now known as the department of human resources, *see* A.S.C.A. § 4.0301(a)(11)]." Furthermore, the Administrative Code talks elsewhere about the "lateral movement" of employees in terms of a "reassignment" or "transfer." *See* A.S.A.C. 4.0313(b). This regulation further provides that "[a]ll lateral movements of personnel *must* be approved by the director [of human resources]. . . ." *Id.* (emphasis added). The movement of personnel, therefore, is not within the exclusive province of an agency head such as the commissioner. Thus, the PAB's conclusion regarding appellant's involuntary reassignment was affected by error of law. A.S.C.A. § 4.1044(4).

Additionally, the "involuntary reassignment" of any employee is not without limitation. A.S.A.C. § 4.0804(b) requires that such an assignment be made with "the best interests of the government as the primary objective." This regulation effectively sets out the standard for

---

[2] A.S.A.C. § 4.0233 defines "demotion" as the "change of an employee from a position in 1 class to a position in another class having a lower salary range."

[3] The term "agency" includes government departments. *See* A.S.A.C. § 4.0209.

involuntary reassignment; yet the PAB did not address this requirement, and it accordingly failed to make a finding on whether or not appellant's reassignment was consistent with "the best interests of the government as the primary objective." *Id.* Since the PAB arrived at its decision upholding the director without regard to this regulatory standard, its decision was also necessarily arbitrary. A.S.C.A. § 4.1044(6). This, too, was an error of law. The regulations are quite clear; the commissioner's authority with regard to the "involuntary reassignment" of an employee is neither singular nor untrammelled.

Appellant's next argument is yet another attempt at his demotion contention. He claims that the reassignment regulations are somehow repugnant to the overall objectives of the merit-system law because they can be used, as the commissioner did here, to circumvent "procedural and substantive rights" statutorily provided. Appellant alludes to A.S.C.A. §§ 7.0801 through 7.0806. These enactments, however, set out the procedural requirements applicable in cases relating to demotion, suspension, and termination, but not reassignment. Appellant was not demoted since he did not receive a cut in salary, *see* A.S.A.C. § 4.0233, and obviously he cannot invoke the procedural safeguards attendant to demotion actions by simply calling his "reassignment" a "demotion."

On the advancement of Commander Jessop, the PAB ruled that the newly created post of deputy commissioner for operations was filled through non-competitive filling procedures and that Commander Jessop was lawfully promoted in accordance with the provisions of A.S.A.C. § 4.0303(b). These regulations, however, touch on only one aspect of the statutory scheme relating to government hiring objectives.

The Fono has declared "that all appointments and promotions to positions in the career service shall be made solely on the basis of merit, fitness, and length and quality of previous service." *See* A.S.C.A. § 7.0204(a). Whenever practical, the criteria of "merit and fitness" are to be ascertained "by competitive examinations," but at the same time due recognition is to be given "to practical experience . . . and probable aptitude for learning while on the job." A.S.C.A. § 7.0204(b). Where competitive examinations are not practical, A.S.C.A. § 7.0206(c) provides that "applicants for employment *shall* be subject to an applicant supply file system established and administered by the director of manpower resources." (emphasis added). In such instances where competitive examinations are not given, the director, "upon receipt of an approved request from a department head . . . to fill a vacancy in the service on a permanent basis[,] . . . *shall* certify to the [requesting

30

department head] . . . 5 candidates . . . from an applicant supply file vhom the director of manpower resources considers to be best qualified by virtue of experience and/or training." A.S.C.A. § 7.0206(d) (emphasis added). The statute further provides that "[i]n no instance will a government official allow an employee to enter on duty unless he has been assured by the director of manpower resources . . . that the appointment action has been approved." A.S.C.A. § 7.0206(e).

The regulations which the PAB exclusively relied upon, A.S.A.C. § 4.0303(b), merely set out those situations in which non-competitive procedures are applicable. In other words, the subject regulations attempt to identify certain situations where competitive examinations are to be considered "not practical." A.S.C.A. §§ 7.0204(b), 7.0205(b). The regulations, however, do not and cannot supersede the mandatory statutory requirement relating to the utilization of an applicant supply-file system for the hiring and promotion of government employees. See A.S.C.A. § 7.0206. It seems clear that the PAB read these regulations out of context and, in so doing, it entirely overlooked other applicable statutory considerations in assessing the propriety of Commander Jessop's promotion. We accordingly conclude that the PAB's decision supporting the advancement of Commander Jessop was affected by error of law.

Appellant's final contention is that he was deprived of his procedural due-process rights before the PAB since its legal advisor, the Attorney General, was also counsel for the director. We agree. A.S.C.A. § 4.1034 statutorily prohibits such dual representation. The statute specifically states that

> [n]o officer, employee, or agent engaged in the performance of any investigative or prosecuting function of an agency in a contested case may, in that . . . case, participate or advise in any final or recommended agency decision.

Clearly, by acting as the PAB's legal advisor, the Attorney General violated this proscription.

For reasons given, we conclude that appellant's substantive rights have been prejudiced, and in accordance with A.S.C.A. § 4.1044, we remand the matter to the Personnel Advisory Board for further proceedings consistent with this opinion.